UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE COLEMAN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, ET AL.,<br><br>　　　　Defendants. | No. 2:23-cv-02677-KJM-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP"). (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). However, because the undersigned finds that the court lacks subject matter jurisdiction over this action, the undersigned recommends that the action be dismissed without prejudice, and that plaintiff's application to proceed in forma pauperis in this court be denied as moot. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting the federal court's independent duty to ensure it has subject matter jurisdiction in the case).

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it

1

appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).  Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court.  Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Id. at 327; Rule 12(h)(3).

**Analysis**

I.      Complaint

Plaintiff asserts a federal claim under 42 U.S.C. § 1983 against Sacramento County, the State of California, her ex-husband Erik Cohen, and his mother Cynthia Cohen.  (ECF No. 1.) The crux of plaintiff's claim is that Erik and Cynthia Cohen obtained a state court child custody order by telling false statements about plaintiff.  (ECF No. 1 at 16, para. 67.)

Under the Rooker-Feldman doctrine, a federal district court does not have subject matter jurisdiction to hear an appeal from the judgment of a state court.  Exxon Mobil Corp. v. Saudi

Basic Indus. Corp., 544 U.S. 280, 283-84 (2005); see also Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state cour[t] and seeks relief from the judgment of that court." Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003).

Plaintiff effectively asks this court to invalidate a state court decision granting custody of her son to her son's father and grandmother.  A request to vacate a family court order is generally considered a de facto appeal and barred by Rooker-Feldman. See Moore v. Cnty. of Butte, 547 F. App'x 826, 829 (9th Cir. 2013); Riley v. Knowles, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016).  As plaintiff's action constitutes a "forbidden de facto appeal," the court lacks subject matter jurisdiction. See Davis v. California Dep't of Child Servs., 2020 WL 5039243, at *2 (E.D. Cal. Aug. 26, 2020) (finding that plaintiff's civil action regarding a state court's child custody determination constituted a forbidden "de facto appeal" that was barred by the Rooker-Feldman doctrine).[1]

The undersigned further finds that amendment would be futile and thus leave to amend would not be appropriate. See Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995) (where it is clear that a pro se complaint cannot be cured by amendment, the court may dismiss without leave to amend).

II.     Motion to Appoint Counsel

Plaintiff moves for appointment of counsel.  (ECF No. 6.)   The court may request an attorney to represent any person unable to afford counsel only in exceptional circumstances.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  In determining whether such circumstances exist, the court evaluates the likelihood of success on the merits and plaintiff's ability to articulate her claims pro se in light of the complexity of the legal issues.  Id.

---

[1] The undersigned notes that the instant complaint is one of multiple complaints filed by plaintiff in this court seeking to undo a state court child custody order. See e.g., Coleman v. Cohen, No. 23-CV-02685-TLN-AC, 2023 WL 8242139, at *3 (E.D. Cal. Nov. 28, 2023).  Plaintiff is cautioned that repeated filings of this nature may result in the imposition of a pre-filing vexatious litigant order.

3

1    Plaintiff has not demonstrated that she is likely to succeed on the merits.  Indeed, plaintiff's motion to appoint counsel concedes that plaintiff is seeking to appeal an adverse state ruling terminating parental rights.  (ECF No. 6 at 5.)  Further, the allegations in the complaint are not exceptionally complicated.  Accordingly, the undersigned recommends that plaintiff's motion to appoint counsel be denied.

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT;

2. Plaintiff's motion to appoint counsel (ECF No. 6.) be DENIED:

3. The action be DIMISSED for lack of subject matter jurisdiction; and

4. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 31, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, Cole.2677