UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE COLEMAN, | No.  2:23-cv-02677-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

On February 1, 2024, the magistrate judge filed findings and recommendations, which were served on the parties, and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days.  That period having passed, plaintiff has not objected to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").  Having reviewed the file, the court **declines** to adopt the findings and recommendations.

As the magistrate judge notes, a complaint is a de facto appeal barred by the *Rooker-Feldman* Doctrine when a plaintiff "asserts as a legal wrong an allegedly erroneous decision by a

1

1   state court, and seeks relief from a state court judgment based on that decision." *Noel v. Hall*,

2   341 F.3d 1148, 1164 (9th Cir. 2003).  However, if "a federal plaintiff asserts as a legal wrong an

3   allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction."

4   *Id.*  A "corollary" to this distinction is the rule of "extrinsic fraud." *Benavidez v. County of San*

5   *Diego*, 993 F.3d 1134, 1143 (9th Cir. 2021).  "Extrinsic fraud is conduct which prevents a party

6   from presenting his claim in court." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir.

7   2004) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.  1981)).

8         Here, plaintiff alleges defendants defrauded the state court and asserts the allegedly

9   illegal acts and omissions by defendants as a legal wrong.  *See, e.g.*, Compl. ¶¶ 2–4, 26, 58, 67,

10   75.  The matter is **referred back** to the magistrate judge to consider whether plaintiff has

11   sufficiently alleged extrinsic fraud, and if not, whether it is possible that with additional factual

12   allegations, plaintiff could plead case that is not a de facto appeal.

13         IT IS SO ORDERED.

14   DATED:  March 25, 2024.

16                                                    _____
17                                                    CHIEF UNITED STATES DISTRICT JUDGE