UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE COLEMAN, | No. 2:23-cv-02677-KJM-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendant. | |

Plaintiff Jacqueline Coleman, who is proceeding without counsel in this action, seeks leave to proceed in forma pauperis ("IFP").[1] *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing. Plaintiff's motion to proceed IFP (ECF No. 2) will therefore be granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, federal courts must screen IFP complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only

---

[1] Because Plaintiff is self-represented, all pretrial proceedings are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). Further, federal courts have an independent duty to ensure that federal subject matter jurisdiction exists. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

I.  SCREENING

   A.  Legal Standard

A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

In addition, the court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§

1331, 1332(a).

Pleadings by self-represented litigants are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

  B. The First Amended Complaint

Plaintiff brings her First Amended Complaint ("FAC") against Defendants Sacramento County, Erik Cohen, Cynthia Cohen, and the State of California pursuant to 42 U.S.C. § 1983. Plaintiff seeks to challenge an order by the Sacramento County Superior Court granting guardianship of her minor child to the child's biological father and father's mother. (ECF No. 5.) Plaintiff alleges Defendants engaged in a conspiracy to obtain temporary guardianship over Plaintiff's minor child by making false allegations and fraudulent representations to the Sacramento County Superior Court. Id. at 3, 19. Plaintiff alleges Defendants Erick Cohen and Cynthia Cohen acted as "agents" for Defendant Sacramento County to "secretly [go] to court and fraudulently obtain[] a Letters of Temporary Guardianship order over [Plaintiff's minor child]." Id. at 3. Plaintiff alleges Defendants actions constitute "a fraud upon the court" because: "the Letters of Temporary Guardianship order was made at a secret, unnoticed (thus unconstitutional) hearing"; certain facts regarding the minor's residence were "concealed"; Defendants made "numerous intentional misrepresentations"; and "but for the Court's reliance on Defendants' intentional misrepresentations, the Letters of Temporary Guardianship would not have been issued". Id. at 3, 8-11, 13-14, 16-19, 22-25, 28.

  C. Analysis

Under the Rooker-Feldman doctrine, federal district courts do not have appellate jurisdiction over state courts. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Exxon Mobil

3

1  Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). The Rooker-Feldman doctrine
2  "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de
3  facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th
4  Cir. 2004). The Rooker-Feldman doctrine applies to federal constitutional challenges to state
5  court decisions, including claims under 42 U.S.C. § 1983. Benavidez v. County of San Diego,
6  993 F.3d 1134, 1142 (9th Cir. 2021) (quoting Doe & Assocs. Law Offs. v. Napolitano, 252 F.3d
7  1026, 1029 (9th Cir. 2001)). A federal court action constitutes a forbidden de facto appeal under
8  Rooker-Feldman when the plaintiff complains of a legal injury caused by a state court judgment,
9  based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of
10 the litigants. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). "Once a federal plaintiff seeks to
11 bring a forbidden de facto appeal, ... that federal plaintiff may not seek to litigate an issue that is
12 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto
13 appeal is brought." Id. at 1158.

14       It is clear that Plaintiff is seeking a remedy that invalidates a state court decision granting
15 custody of Plaintiff's minor child to the biological father and his mother. A request to vacate a
16 family court order is generally considered a de facto appeal and barred by Rooker-Feldman. See
17 Moore v. Cnty. of Butte, 547 F. App'x 826, 829 (9th Cir. 2013); Riley v. Knowles, No. 1:16-cv-
18 0057-JLT, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016). However, Rooker–Feldman "does
19 not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic
20 fraud on a state court and seeks to set aside a state court judgment obtained by that fraud."
21 Kougasian v. TMSL, Inc., 359 F.3d 1136, 1141 (9th Cir. 2004). When the alleged extrinsic fraud,
22 however, has been raised in state proceedings and rejected by the state court, Rooker-Feldman
23 bars a later federal suit raising similar claims. Reusser v. Wachovia Bank, N.A., 525 F.3d 855,
24 860 (9th Cir. 2008). Here, it is unclear whether Plaintiff has presented to the state court a cause of
25 action for extrinsic fraud. Plaintiff does state she challenged the Sacramento County Superior
26 Court's order in state court by filing a motion to set aside the order of temporary guardianship,
27 which was denied. ECF No. 5 at 30. However, it is unclear whether Plaintiff presented the same
28 allegations of extrinsic fraud alleged to have been committed by the Defendants to the state court

4

as alleged in this action. Accordingly, the court will provide Plaintiff an opportunity to amend the complaint to allege further factual allegations whether the fraud alleged by Plaintiff was presented to the state court prior to the commencement of this action.

## II. AMENDING THE COMPLAINT

In light of Plaintiff's pro se status, the court grants Plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130 ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (cleaned up).

If Plaintiff elects to file an amended complaint, this new pleading shall be captioned as the "Second Amended Complaint" and must set forth each of Plaintiff's legal causes of action in separate sections clearly identifying which defendant(s) are allegedly at fault for each claim, and clearly identifying what legal cause of action is being asserted. Under each section, Plaintiff must then list the specific factual allegations supporting that particular claim. (For brevity, Plaintiff may refer to specific prior paragraphs.) For each claim, Plaintiff must allege what specific conduct defendant engaged in, when the conduct occurred, and how the conduct harmed him. However, the statement of the claim should be kept relatively "short." Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the prior complaint, and once the second amended complaint is filed, the prior complaint no longer serves any function in the case.

Finally, nothing in this order requires Plaintiff to file an amended complaint. If Plaintiff determines that she is unable to amend the complaint in compliance with the court's order, Plaintiff may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

## III. MISCELLANEOUS MOTIONS

On November 29, 2023, Plaintiff filed a motion to appoint counsel. (ECF No. 6.) It is "well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). In certain exceptional circumstances, the

court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Additionally, Plaintiff has filed a motion to strike the original complaint and motion for relief from judgment. (ECF Nos. 13, 14.) Because Plaintiff's FAC is being dismissed with leave to amend, Plaintiff's motions will be denied as moot.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's motion to appoint counsel (ECF No. 6) is DENIED;
3. Plaintiff's motion to strike the original complaint (ECF No. 13) is DENIED as moot;
4. Plaintiff's motion for relief from judgment (ECF No. 14) is DENIED as moot;
5. **Within 30 days** of this order, Plaintiff shall file either (a) a second amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action; and
6. Failure to timely comply with this order will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: September 6, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, cole2677.23