UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE COLEMAN, | 2:23-cv-2677-DC-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendant. | |

Plaintiff Jacqueline Coleman proceeds pro se and in forma pauperis[1] under 42 U.S.C. § 1983. Plaintiff's second amended complaint ("SAC") is before the court for screening under 28 U.S.C. § 1915(e). (ECF No. 16.) The court must screen every in forma pauperis proceeding and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes plaintiff's pro se pleading. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). Liberally construed, the SAC fails to state a claim on which relief may be granted and must be dismissed. Plaintiff is granted leave to amend as set forth in the order below.

---

[1] Because plaintiff proceeds without counsel, this matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

I. **Allegations in the SAC**

Plaintiff and Erik Cohen are the biological parents of a minor child and Cynthia Cohen is Erik Cohen's mother. (ECF No. 16 at 3.) Shaunte Derrick is alleged to be an employee of the County of Sacramento holding an unspecified position. (Id. at 6.)

Plaintiff alleges defendants Erik Cohen, Cynthia Cohen, and Shaunte Derrick engaged in a conspiracy to obtain temporary guardianship over plaintiff's minor child by making false allegations and fraudulent representations to the Sacramento Police Department and the Sacramento County Superior Court. (ECF No. 16 at 3.) A "secret" hearing was held on September 14, 2016, without any notice to plaintiff, during which the state court relied on the defendants' intentional misrepresentations and granted Letters of Temporary Guardianship to Cynthia Cohen. (Id. at 4, 9-10.) A DCFS investigation against Erik Cohen was pending at the time. (Id. at 10.) Erik Cohen and Cynthia Cohen lied to the court and lied about giving plaintiff notice of the hearing. (Id. 11-12, 14.)

On October 2, 2016, plaintiff exercised her parental right to pick up her minor daughter at Tahoe Park Daycare. (ECF No. 16 at 10.) DCFS completed an investigation of a kidnapping allegation against plaintiff. (Id. at 11.) Plaintiff was told she was exonerated. (Id.) Defendant Derrick authored a false and misleading "one-sided" CPS report. (Id. at 26.)

Through this suit, plaintiff seeks to challenge the guardianship order by the Sacramento County Superior Court pertaining to plaintiff's minor daughter. The SAC sets forth seven causes of action as follows:

First Cause of Action: "Deprivation of Right to Family Unity Without Due Process" (ECF No. 16 at 22-27.)

Second Cause of Action: "Order [under F.R.C.P. 60(b)] granting… relief from State's Judgment dated January 27, 2017" (Id. at 27-29.)

Third Cause of Action: "Conspiracy to Violate Civil Rights" (Id. at 30.)

Fourth Cause of Action: "[Due Process Void for Vagueness] Facial Challenge to Cal. Probate Code § 2250(e)(1)" (Id. at 31-33.)

////

<u>Fifth Cause of Action</u>: "… Declaratory Judgment As-Applied Challenge to Cal. Probate Code § 2250 – Due Process" (<u>Id.</u> at 33-34.)

<u>Sixth Cause of Action</u>: Intentional Infliction of Emotional Distress (<u>Id.</u> at 34.)

<u>Seventh Cause of Action</u>: Negligent Infliction of Emotional Distress (<u>Id.</u> at 35.)

Defendants are the County of Sacramento ("County"), Shaunte Derrick, Erik Cohen, Cynthia Cohen, the State of California, and unnamed "Doe" defendants. (ECF No. 16 at 6-8.)

**II.    Discussion**[2]

**A.    Claims against the State of California (Fourth and Fifth Causes of Action)**

Section 2250 of the California Probate Code provides for the filing of a petition for appointment of a temporary guardian of the person. "Unless the court for good cause otherwise orders, at least five court days before the hearing on the petition, notice of the hearing shall be given as follows: (1) Notice of the hearing shall be personally delivered to… the parent or parents of the proposed ward…." Cal. Prob. Code § 2250(e)(1).

Plaintiff's Fourth Cause of Action is a "Due Process Void for Vagueness" facial challenge to section 2250(e)(1). The void-for-vagueness doctrine generally applies to penal statutes, requiring penal statutes to define the criminal offense (1) with sufficient definiteness that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and discriminatory enforcement. See <u>Skilling v. United States</u>, 561 U.S. 358, 402-03 (2010).

A statute such as Section 2250 of the California Probate Code which does not prohibit any conduct falls outside the scope of the void-for-vagueness doctrine. See <u>United States v. Jordan</u>, 747 F.2d 1120, 1130 (7th Cir. 1984) ("[Void-for-vagueness] cases have one thing in common: a sanction, whether it be penal or a refusal to grant a license, for allegedly engaging in certain conduct proscribed by a statute. It is the definition of that proscribed or regulated conduct which gives rise to ... notice concerns...."). Here, plaintiff does not allege any conduct proscribed by Cal.

---

[2] The <u>Rooker-Feldman</u> doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment. See <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413 (1923); <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d 1136, 1139 (9th Cir. 2004). Because plaintiff has not stated a claim in the SAC, a <u>Rooker-Feldman</u> analysis is unnecessary.

1  Prob. Code § 2250(e)(1) and fails to state a void-for-vagueness claim directed to that statute. See
2  McDowell v. Cnty. of Lassen, No. 2:23-CV-01007-DJC-DMC, 2024 WL 919189, at *6 (E.D.
3  Cal. Mar. 4, 2024) (holding the void-for-vagueness doctrine did not apply to a personnel rule
4  governing disciplinary procedures because the statute did not prohibit conduct or impose
5  penalties).

6        In addition, the Eleventh Amendment bars actions brought in federal court against an
7  unconsenting state. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("in
8  the absence of consent a suit in which the State or one of its agencies or departments is named as
9  the defendant is proscribed by the Eleventh Amendment"). This jurisdictional bar applies
10 regardless of the nature of the relief sought. Id. at 100. The Eleventh Amendment does not bar
11 actions in federal court against a state official in his or her individual capacity when the plaintiff
12 seeks prospective relief for an alleged violation of federal law. Verizon Md. Inc. v. Pub. Serv.
13 Comm'n of Md., 535 U.S. 635, 645-47 (2002) (quoting Ex Parte Young, 209 U.S. 123 (1908)).

14       Plaintiff's Fifth Cause of action is "Declaratory Judgment As-Applied Challenge to Cal.
15 Probate Code § 2250 – Due Process" brought against the State of California (ECF No. 16 at 33-
16 34.) Plaintiff alleges "[b]y not requiring Notice to parents, Cal. Prob. Code § 2250(e)(1) violates
17 Due Process on its face" and as applied to plaintiff. (Id.) Plaintiff's fifth cause of action is barred
18 by the Eleventh Amendment.

19       **B.  Due Process Claim against the County (First Cause of Action)**

20       A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,
21 privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,
22 including a municipality, acting under the color of state law. 42 U.S.C. § 1983. A government
23 entity may be held liable under 42 U.S.C. § 1983 when execution of a government's policy or
24 custom inflicts the plaintiff's injury. See Monell v. New York City Dept. of Social Servs., 436
25 U.S. 658, 689-91 (1977); AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir.
26 2012). Here, the SAC fails to allege facts showing the County had an official policy or custom
27 that caused a deprivation of plaintiff's due process rights. See Ashcroft v. Iqbal, 556 U.S. 662,
28 681 (2009). Plaintiff alleges the "county has a policy and custom to perpetrate fraud as a pretext

to seize children." (ECF No. 16 at 26.) However, this allegation and others like it are conclusory, without supporting facts, and improperly rely on speculation rather than reasonably drawn inferences from factual allegations. See Iqbal, 556 U.S. at 681. The SAC fails to state a due process claim under 42 U.S.C. § 1983 against the County of Sacramento.

### C. Due Process Claim against Individual Defendants (First Cause of Action)

To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a substantive due process claim, a plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest" in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)).

The court assume for purposes of this screeening that plaintiff adequately alleges deprivation of a constitutionally protected interest. However, the SAC does not plausibly allege defendants Erik Cohen and Cynthia Cohen acted under color of state law. Courts start with the presumption that private conduct does not constitute governmental action, and a plaintiff bears the burden of establishing state action. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).

The SAC acknowledges the Cohen defendants are not government officials but asserts they engaged in joint action with defendant Derrick and the County. (ECF No. 16 at 16.) "The joint action test asks whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1140 (9th Cir. 2012) (internal quotation marks and citation omitted). "Ultimately, joint action exists when the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." Id. (internal quotation marks, brackets, and citations omitted).

////

In support of joint action, the SAC alleges "Erik Cohen acts as minor's counsel. Cohen is appointed by the Superior Court judge, a government actor, and paid from the funds of Sacramento County…." (ECF No. 16 at 17.) "[T]he cost of Erik Cohen's services as minor's counsel are paid for utilizing County funds[.]" (Id. at 13.) And further, at the September 14, 2016 hearing, "Mr. Cohen threatened to invoke the power and authority of the Sacramento County Child Abduction Unit to locate and take E.F.C. child into their custody." (Id. at 12.) He thus "referr[ed] to himself and the … Unit working together in joint action." (Id. at 12, 15.) And further, "Cynthia… is paid from the funds of Sacramento County[.]" (Id. at 13.)

Considering the SAC as a whole, it is not plausible that Erik Cohen was appointed as legal counsel to represent his own minor child. The SAC does not allege, for example, that Erik Cohen is an attorney licensed in the State of California. Conclusory, unsupported, and/or implausible allegations such as those in the SAC against Erik Cohen and Cynthia Cohen are insufficient to establish state action. See Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008); Augustus v. Cnty. of Los Angeles, No. 2:20-CV-11255-FLA-RAO-X, 2023 WL 2799117, at *7 (C.D. Cal. Mar. 24, 2023) (complaint failed to plead facts sufficient to show defendants were joint actors with the County based on allegations that they participated with the County in the unwarranted seizure and taking of a minor child by making false reports, failing to serve notice of a guardianship hearing, and making false representations to the court) (aff'd, No. 23-55312, 2024 WL 743783 (9th Cir. Feb. 23, 2024)).

The court will assume for purposes of screening the SAC that defendant Derrick acted under color of state law as an employee of the County of Sacramento. Plaintiff's specific allegations against defendant Derrick include the following: Derrick failed to bring a police report to the November 09, 2016 hearing, concealed from the court that plaintiff had been cleared of wrongdoing, and made material misrepresentations of fact to the court. (ECF No. 16 at 24-26.) Defendant Derrick also failed to contact plaintiff about the false kidnapping allegation resulting in a false and misleading CPS report. (Id. at 26.)

The threshold question is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."

County of Sacramento v. Lewis, 523 U.S. 833, 848 n.8 (1998); see also Rochin v. California, 342 U.S. 165, 169 (1952) (conscience-shocking conduct "offends those canons of decency and fairness which express the notions of justice of English-speaking peoples"). Plaintiff's conclusory allegations of bias, concealment, and submission of false reports do not constitute conscience-shocking behavior resulting in deprivation of a fundamental right. See Brees v. HMS Glob. Mar. Inc., 431 F. Supp. 3d 1207, 1218 (W.D. Wash. 2020) (submission of "misleading false witness statements and incident report… to public officials" did not allege conscience shocking behavior). The allegations in the SAC against defendant Derrick are too vague and conclusory to plausibly allege the deprivation of a fundamental right in a way that shocks the conscience, and plaintiff has not stated a substantive due process claim.

### D. Conspiracy (Third Cause of Action)

A conspiracy claim brought under 42 U.S.C. § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotations omitted).

Plaintiff's conspiracy claim lacks specific supporting factual allegations. Conclusory allegations that the defendants conspired and acted in concert to violate plaintiff's rights do not state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to state a claim). Moreover, as discussed above, plaintiff has not pleaded an actual constitutional deprivation.

////

////

### E. Statute of Limitations

A court sua sponte may dismiss a complaint as untimely, so long as the defendant has not waived the defense, Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993), and "only when the running of the statute is apparent on the face of the complaint," Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quotation marks and citation omitted).

In California, the statute of limitations for a claim under 42 U.S.C. § 1983 is two years. See Alameda Books, Inc. v. City of Los Angeles, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose."); Cal. Civ. Proc. Code § 335.1 (providing a two-year statute of limitations for personal injury actions). The statute of limitations for a Section 1983 claim begins to accrue—that is, begins to run—"when the plaintiff knows or has reason to know of the injury which is the basis of the action." Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) (quotation marks and citation omitted). Equitable tolling may apply to extend a statute of limitations "to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice. Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the ... limitations statute." Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004) (alteration in original) (quotation marks and citations omitted).

Here, the defendants allegedly violated plaintiff's rights in 2016. Plaintiff did not file this lawsuit until November 15, 2023, long after the two-year statute of limitations for claims under 42 U.S.C. § 1983 expired. The SAC does not appear to indicate any basis for delayed accrual or equitable tolling. Accordingly, in addition to the defects described above, it appears plaintiff's claims under 42 U.S.C. § 1983 are time-barred.

### F. Relief under Rule 60(b) (Second Cause of Action and ECF No. 21)

Plaintiff's cause of action seeking an order under Rule 60(b) of the Federal Rules of Civil Procedure fails to state a claim. Plaintiff does not identify a judgment or order or the date of a

proceeding in this court from which plaintiff seeks relief. To the extent plaintiff seeks relief from a state court judgment, such as a guardianship order or temporary guardianship order by the Sacramento County Superior Court, plaintiff cannot seek that relief under Rule 60(b). Accordingly, plaintiff's motion filed on November 14, 2024, appearing to seek relief under Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 21) but not identifying a specific judgment or order or date of a proceeding in this court is denied.

### G.  State-Law Claims (Sixth and Seventh Causes of Action)

For the reasons set forth above, the undersigned is dismissing with leave to amend plaintiff's federal claims. In light of the dismissal of plaintiff's federal claims, the court will not exercise supplemental jurisdiction over plaintiff's state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress. See 28 U.S.C. § 1367(c)(3) (stating that the "district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction").

### H.  Subsequent Pleadings and Leave to Amend

Plaintiff filed the operative SAC on September 12, 2024, and titled it "Verified Second Amended Complaint for Civil Rights Violations…" (ECF No. 16.) Plaintiff then filed two further pleadings with the same title. (ECF Nos. 17, 20.) Plaintiff did not file any motion for leave to amend explaining how the further proposed amended complaints differ from the SAC filed on September 12, 2024. Plaintiff is informed that a party may amend their pleading once as a matter of course, but after that, the party is required to make a motion to the court for leave to amend or be granted leave to amend. See Fed. R. Civ. P. 15(a). Because plaintiff did not file a motion for leave to amend after filing the SAC, and because the court does not consider piecemeal pleadings, plaintiff's subsequent unauthorized pleadings will not be considered by the court and will be stricken.

However, having performed the required screening of the SAC, the court now grants plaintiff leave to amend. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by

amendment." (citation omitted)). Plaintiff is granted leave to file a third amended complaint which must be complete in itself without reference to any other pleading or filing.

### III.   Order

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's "Verified Second Amended Complaint for Civil Rights Violations…" (ECF No. 16) is deemed the operative pleading and DISMISSED with leave to amend for failure to state a claim.

2. The court STRIKES plaintiff's subsequent pleadings also titled "Verified Second Amended Complaint for Civil Rights Violations…." (ECF Nos. 17, 20).

3. Plaintiff's motion seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 21) is DENIED.

4. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: April 2, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, cole23cv2677.scrn.sac

10